# IN THE COURT OF APPEALS OF IOWA

No. 20-0945
Filed October 21, 2020

**IN THE INTEREST OF J.G. and S.G.,**
**Minor Children,**

**R.G., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A father appeals the termination of his parental rights to his children. **AFFIRMED.**

Robert F. Bozwell, Jr., Centerville, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his children, born in 2015 and 2017. He contends: (1) the State failed to prove "the children could not be returned to [him] at the time of the termination of parental rights hearing or within a reasonable period of time thereafter"; (2) termination of his parental rights was not in the children's best interests; (3) he should have been afforded additional time to work toward reunification; and (4) the juvenile court "abused its discretion in failing to grant [his] motion to continue the termination hearing to a later date."

I. *Grounds for Termination*

The juvenile court terminated the father's parental rights pursuant to several statutory provisions. The father only challenges one of the grounds—whether the children could be returned to his custody. *See* Iowa Code § 232.116(1)(f)(4) (2020) (requiring proof of several elements including proof a child cannot be returned to parental custody). Accordingly, we could affirm the termination on the unchallenged grounds. *See In re L.W.*, No. 20-0783, 2020 WL 4812664, at *2 (Iowa Ct. App. Aug. 19, 2020). However, we elect to address the merits of the challenged ground, reviewing the record de novo.

The children were removed in mid-2018 based on concerns that the parents were using methamphetamine while caring for them. The department of human services initiated services for the family. The mother was admitted to a drug-treatment facility, and the children were returned to her care during her stay there. After approximately three and one-half months, the juvenile court transitioned them to foster care, where they remained for the duration of the proceedings.

The father had limited contact with the department. He also curtailed his involvement in court hearings after four months and he did not re-engage with the court hearings until the termination petition was filed.

The father also failed to visit his children with regularity. According to the department's social worker case manager, he had no contact with them between September 2018 and May 2020, when "video visits" began. His first in-person visit took place days before the termination hearing in June 2020.

The father entered substance-abuse treatment just two months before the termination hearing. The case manager testified the short period of treatment was insufficient to allow for a return of the children to his custody, given his "very long history of substance abuse," including his use of "oxycodone for over ten years."

We conclude the State satisfied its burden of proving that the children could not be returned to the father's custody under Iowa Code section 232.116(1)(f)(4).

## II.    *Best Interests*

The father contends termination was not in the children's best interests. *See* Iowa Code § 232.116(2). He asserts he could not exercise "in-person visits with his children . . . because he had been threatened by persons associated with the children's mother and he had to move out of state for his own safety" and "[a]ny danger to him could have posed a danger to the children if they were with him."

The case manager conceded the father had "multiple conversations" with service providers in which he asserted "that [the mother] was trying to kill him or had someone trying to murder him." If true, these serious allegations would have warranted implementation of alternate visitation arrangements. But there is no indication that the father asked the department or the juvenile court to facilitate or

order something different. Under these circumstances, we are persuaded that the father's failure to maintain contact with the children for almost two years was an omission of his own making.

Not surprisingly, the children had a tenuous bond with their father. In the case manager's words, the "bond [was] severely damaged based on the fact that [the father was] gone for . . . almost two years." The father's failure to foster a relationship with the children raised doubts about his ability to "further[ ] the long-term nurturing and growth of the child[ren]." *See id.*[1]

On our de novo review, we agree with the juvenile court that termination of the father's parental rights to the children was in their best interests.

### III. Additional Time

The father asserts, "One of the options available to the court would have been to provide additional time . . . to correct and resolve the [d]epartment's concerns regarding housing, employment issues, and substance abuse treatment, however, the court failed to do so." *See id.* § 232.104(2)(b) (authorizing court, after a permanency hearing, "to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order").

The juvenile court cogently explained its rationale for denying the father additional time to work toward reunification. The court noted that the father effectively obtained six additional months because the State delayed filing a

---

[1] This factor is also relevant to the permissive exception to termination set forth in Iowa Code section 232.116(3)(c), an exception the father does not request we apply on appeal.

petition to terminate his parental rights. The court found that the father "had more than twenty-four months to work toward reunification, but still failed [to] accomplish the things necessary to make it safe for the children to be returned to his care." We concur in this assessment.

## IV. *Continuance*

The father moved for a postponement of the termination hearing to "track down" email communications he had with the department. The district court denied the motion.

On appeal, the father contends he "retained a person to recover" the email correspondence "from an old e-mail account" and "[g]ranting an additional week or two would not have prejudiced any of the parties."

The juvenile court explained that the case had been pending for "two years' plus" and the father was afforded a postponement of "more than a month" based on an earlier request for a continuance. The court further suggested the father could have obtained "whatever evidence he need[ed]" during that period. We discern no abuse of discretion in the court's ruling. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018), *as amended* (Mar. 5, 2019) ("[O]ur review of a district court's denial of a motion for continuance is for an abuse of discretion.").

We affirm the termination of the father's parental rights to the children.

**AFFIRMED.**